UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

LYNN HAMBOLU,

    Plaintiff,

    v.

PARKMERCED INVESTORS PROPERTIES LLC,

    Defendant.

_____/

No. C 12-3824 PJH

**ORDER DENYING EX PARTE APPLICATION, GRANTING IFP REQUEST, AND DISMISSING COMPLAINT**

On July 23, 2012, plaintiff Lynn Hambolu ("Hambolu") filed both a complaint alleging violations of federal rights and an ex parte application to "stay all proceedings" in state court. Hambolu also seeks leave to proceed in forma pauperis.

As to plaintiff's ex parte application for an order staying state court proceedings, the court notes that the Anti-Injunction Act constrains the ability of federal courts to stay state court actions. See 28 U.S.C. § 2283 ("A court of the United States may not grant an injunction to stay proceedings in a State court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments."). The Act "is an absolute prohibition against enjoining state court proceedings, unless the injunction falls within one of [the] three specifically defined exceptions." Atlantic Coast Line Railroad Company v. Brotherhood of Locomotive Engineers, 398 U.S. 281, 286 (1970). The three exceptions are narrowly construed, and "doubts as to the propriety of a federal injunction against a state court proceeding should be resolved in favor of permitting the state action to proceed." Lou v. Belzberg, 834 F.2d 730, 739 (9th Cir. 1987).

Although the filings do not make this clear, the underlying state court proceeding here appears to consist of an unlawful detainer action in which a default judgment was

entered against Hambolu. Assuming that is the case, none of the three exceptions would apply. Staying state court proceedings in an unlawful detainer case is not expressly authorized by Congress, is not necessary to aid the state court's jurisdiction, nor would a stay protect or effectuate this court's judgments. A number of district courts have addressed the Act's scope in this specific context, and found that a stay of unlawful detainer proceedings does not fall into one of the exceptions listed in the Act. See, e.g., Diaz v. National City Bank, 2012 WL 2129916 at *2 (S.D. Cal. June 12, 2012); Carrasco v. HSBC Bank USA, N.A., 2012 WL 646251 at *3-4 (N.D. Cal. Feb. 28, 2012); Sato v. Wachovia Mortgage, FSB, 2012 WL 368423 at *2 (N.D. Cal. Feb. 3, 2012). Thus, plaintiff's request for a stay is denied.

Under 28 U.S.C. § 1915(a), "[a]ny court of the United States may authorize the commencement . . . of any suit . . . without prepayment of fees and costs or security therefor, by a person who makes affidavit that he is unable to pay such costs or give security therefor." The court finds that Hambolu does meet the financial requirement of section 1915, therefore her application to proceed in forma pauperis is granted.

However, in reviewing an application to proceed in forma pauperis, the court may dismiss a case sua sponte if the court determines that the party applying for in forma pauperis status has failed to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2). The court finds that plaintiff's complaint does not adequately state a claim on which relief may be granted, and therefore dismisses the complaint with leave to amend. Plaintiff's complaint makes vague allegations of violations of the "Americans with Disabilities Act section 504 'reasonable accommodation.'" The court notes that section 504 refers to the Rehabilitation Act of 1973, which predates the American with Disabilities Act of 1990. To state a claim under the Rehabilitation Act, plaintiff must show that she: (1) is a handicapped person under the Act; (2) is otherwise qualified; (3) the relevant program receives federal financial assistance; and (4) the defendants impermissibly discriminated against him or her on the basis of the handicap. See Bonner v. Lewis, 857 F.2d 559, 562-63 (9th Cir. 1988). To state a claim under the ADA, plaintiff must allege that she: (1) is an

individual with a disability; (2) is otherwise qualified to participate in or receive the benefit of some public entity's services, programs, or activities; (3) was either excluded from participation in, or denied the benefits of the public entity's services, programs or activities, or was otherwise discriminated against by the public entity; and (4) such exclusion, denial of benefits, or discrimination was by reason of the plaintiff's disability.  <u>Thompson v. Davis</u>, 295 F.3d 890, 895 (9th Cir. 2002).  Plaintiff shall have 21 days (until **August 14, 2012**) to file an amended complaint that meets these pleading standards.

**IT IS SO ORDERED.**

Dated: July 24, 2012

_____
PHYLLIS J. HAMILTON
United States District Judge