United States District Court
For the Northern District of California

1

2                    UNITED STATES DISTRICT COURT

3                   NORTHERN DISTRICT OF CALIFORNIA

4

5

6
LYNN HAMBOLU,

7
                Plaintiff,                    No. C 12-3824 PJH

8
        v.                                    **ORDER DENYING EX PARTE**
                                              **APPLICATION FOR TEMPORARY**
9
PARKMERCED INVESTORS                          **RESTRAINING ORDER**
10
PROPERTIES LLC,

11
                Defendant.
                                          /
12

13          On July 23, 2012, plaintiff Lynn Hambolu ("Hambolu") filed an ex parte application to

14   "stay all proceedings" in state court.  The court construed Hambolu's request as a request

15   for a temporary restraining order and denied the request, based on the limits placed on this

16   court by the Anti-Injunction Act.

17          On July 24, 2012, Hambolu filed a re-styled request for a temporary restraining

18   order, seeking the same relief that was sought in her first request.  For the reasons set

19   forth in the court's first order (Dkt. 6), the request is denied.  As this court already noted,

20   the Anti-Injunction Act constrains the ability of federal courts to stay state court actions.

21   See 28 U.S.C. § 2283 ("A court of the United States may not grant an injunction to stay

22   proceedings in a State court except as expressly authorized by Act of Congress, or where

23   necessary in aid of its jurisdiction, or to protect or effectuate its judgments.").  The Act "is

24   an absolute prohibition against enjoining state court proceedings, unless the injunction falls

25   within one of [the] three specifically defined exceptions." Atlantic Coast Line Railroad

26   Company v. Brotherhood of Locomotive Engineers, 398 U.S. 281, 286 (1970).  The three

27   exceptions are narrowly construed, and "doubts as to the propriety of a federal injunction

28   against a state court proceeding should be resolved in favor of permitting the state action to

**United States District Court**

For the Northern District of California

1   proceed."  Lou v. Belzberg, 834 F.2d 730, 739 (9th Cir. 1987).

2          Although the filings do not make this clear, the underlying state court proceeding

3   here appears to consist of an unlawful detainer action in which a default judgment was

4   entered against Hambolu.  Plaintiff has titled the re-styled motion as an "ex parte

5   application for order temporary restraining order to stay eviction for CUD-11-639063."

6   None of the three exceptions would apply to this situation.  Staying state court proceedings

7   in an unlawful detainer case is not expressly authorized by Congress, is not necessary to

8   aid the state court's jurisdiction, nor would a stay protect or effectuate this court's

9   judgments.  A number of district courts have addressed the Act's scope in this specific

10  context, and found that a stay of unlawful detainer proceedings does not fall into one of the

11  exceptions listed in the Act.  See, e.g., Diaz v. National City Bank, 2012 WL 2129916 at *2

12  (S.D. Cal. June 12, 2012); Carrasco v. HSBC Bank USA, N.A., 2012 WL 646251 at *3-4

13  (N.D. Cal. Feb. 28, 2012); Sato v. Wachovia Mortgage, FSB, 2012 WL 368423 at *2 (N.D.

14  Cal. Feb. 3, 2012).  Thus, plaintiff's request for a temporary restraining order is denied.

15         As to plaintiff's request to seal her case file, the court notes that plaintiff has not

16  provided any reasons why sealing the entire case file is justified in this case.  Accordingly,

17  plaintiff's request to seal is denied.  If plaintiff wishes to seal any specific documents or

18  portions of documents, she is directed to comply with Local Rule 79-5 of this court.

19  **IT IS SO ORDERED.**

20

21  Dated: July 24, 2012

22                                                           PHYLLIS J. HAMILTON
                                                             United States District Judge
23

24

25

26

27

28