UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

LYNN HAMBOLU,

    Plaintiff,

    v.

PARKMERCED INVESTORS PROPERTIES LLC,

    Defendant.

_____/

No. C 12-3824 PJH

**ORDER DENYING EX PARTE APPLICATION FOR TEMPORARY RESTRAINING ORDER**

On July 23, 2012, plaintiff Lynn Hambolu ("Hambolu") filed an ex parte application to "stay all proceedings" in state court. The court construed Hambolu's request as a request for a temporary restraining order and denied the request, based on the limits placed on this court by the Anti-Injunction Act.

On July 24, 2012, Hambolu filed a re-styled request for a temporary restraining order, seeking the same relief that was sought in her first request. For the reasons set forth in the court's first order (Dkt. 6), the request is denied. As this court already noted, the Anti-Injunction Act constrains the ability of federal courts to stay state court actions. See 28 U.S.C. § 2283 ("A court of the United States may not grant an injunction to stay proceedings in a State court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments."). The Act "is an absolute prohibition against enjoining state court proceedings, unless the injunction falls within one of [the] three specifically defined exceptions." Atlantic Coast Line Railroad Company v. Brotherhood of Locomotive Engineers, 398 U.S. 281, 286 (1970). The three exceptions are narrowly construed, and "doubts as to the propriety of a federal injunction against a state court proceeding should be resolved in favor of permitting the state action to

1  proceed." Lou v. Belzberg, 834 F.2d 730, 739 (9th Cir. 1987).

2  Although the filings do not make this clear, the underlying state court proceeding here appears to consist of an unlawful detainer action in which a default judgment was entered against Hambolu.  Plaintiff has titled the re-styled motion as an "ex parte application for order temporary restraining order to stay eviction for CUD-11-639063."  None of the three exceptions would apply to this situation.  Staying state court proceedings in an unlawful detainer case is not expressly authorized by Congress, is not necessary to aid the state court's jurisdiction, nor would a stay protect or effectuate this court's judgments.  A number of district courts have addressed the Act's scope in this specific context, and found that a stay of unlawful detainer proceedings does not fall into one of the exceptions listed in the Act.  See, e.g., Diaz v. National City Bank, 2012 WL 2129916 at *2 (S.D. Cal. June 12, 2012); Carrasco v. HSBC Bank USA, N.A., 2012 WL 646251 at *3-4 (N.D. Cal. Feb. 28, 2012); Sato v. Wachovia Mortgage, FSB, 2012 WL 368423 at *2 (N.D. Cal. Feb. 3, 2012).  Thus, plaintiff's request for a temporary restraining order is denied.

As to plaintiff's request to seal her case file, the court notes that plaintiff has not provided any reasons why sealing the entire case file is justified in this case.  Accordingly, plaintiff's request to seal is denied.  If plaintiff wishes to seal any specific documents or portions of documents, she is directed to comply with Local Rule 79-5 of this court.

**IT IS SO ORDERED.**

Dated: July 24, 2012

_____
PHYLLIS J. HAMILTON
United States District Judge

2